UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 2:19 cr 158 |
|---|---|
| Plaintiff, | JUDGE Judge Watson |
| v. | INDICTMENT |
| CHRIS A. KING, JUSTICE B. STRINGER, DEZHAN B. TOWNSEND, DESJUAN R. LEE HARRIS, and BRISCO DAWKINS | 18 U.S.C. § 1951(a)<br>18 U.S.C. § 924(j)(1)<br>18 U.S.C. § 924(c)(1)(A)(ii)<br>18 U.S.C. § 1512(a)(1)(C)<br>18 U.S.C. § 1512(a)(3)(A)<br>18 U.S.C. § 2<br>18 U.S.C. § 3591<br>18 U.S.C. § 3592 |
| Defendants. | |

**THE GRAND JURY CHARGES:**

## COUNT ONE
### INTERFERENCE WITH COMMERCE BY ROBBERY
### 18 U.S.C. § 1951(a); 18 U.S.C. § 2

On or about December 10, 2018, in the Southern District of Ohio, defendants, **DEZHAN B. TOWNSEND, DESJUAN R. LEE HARRIS and BRISCO DAWKINS**, did unlawfully obstruct, delay, and affect interstate commerce, and the movement of articles and commodities in such commerce, by robbery of a business that was engaged in commercial activity that affects interstate commerce, namely: Players Paradise, located at 3439 East Broad Street, Ohio 43215. The defendant unlawfully took and obtained property from the presence of a store employee and against the employee's will by means of actual and threatened force, violence, and fear of injury, that is: robbery of the employee and business at gun point.

**In violation of 18 U.S.C. §§ 1951(a) & 2.**

1

## COUNT TWO
## CARRYING AND BRANDISHING A FIREARM
## DURING AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)(1)(A)(ii); 18 U.S.C. § 2

On or about December 10, 2018, in the Southern District of Ohio, and elsewhere, defendants, **DEZHAN B. TOWNSEND, DESJUAN R. LEE HARRIS and BRISCO DAWKINS**, did knowingly carry and brandish a firearm, that is, a handgun, during and in relation to a crime of violence for which defendants may be prosecuted in a court of the United States, that is: Interference with Commerce by Robbery as set forth in Count 1.

**In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (ii), & 2.**

## COUNT THREE
## INTERFERENCE WITH COMMERCE BY ROBBERY
## 18 U.S.C. § 1951(a); 18 U.S.C. § 2

On or about January 7, 2019, in the Southern District of Ohio, defendants, **DEZHAN B. TOWNSEND, DESJUAN R. LEE HARRIS, JUSTICE B. STRINGER and BRISCO DAWKINS**, did unlawfully obstruct, delay, and affect interstate commerce, and the movement of articles and commodities in such commerce, by robbery of a business that was engaged in commercial activity that affects interstate commerce, namely: Jackpot, located at 1245 Alum Creek Drive, Ohio 43206. The defendants unlawfully took and obtained property from the presence of business employee and against the employees' will by means of actual and threatened force, violence, and fear of injury, that is: robbery of the employee and business at gun point.

**In violation of 18 U.S.C. §§ 1951(a) & 2.**

## COUNT FOUR
## CARRYING AND BRANDISHING A FIREARM
## DURING AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. § 924(c)(1)(A)(ii); 18 U.S.C. § 2

**(Carrying and Brandishing a Firearm During and Relation to a Crime of Violence)**

On or about January 7, 2019, in the Southern District of Ohio, defendants, **DEZHAN B. TOWNSEND, DESJUAN R. LEE HARRIS, JUSTICE B. STRINGER and BRISCO DAWKINS**, did knowingly carry and brandish a firearm, that is, a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is: Interference with Commerce by Robbery as set forth in Count 3.

**In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (ii), & 2.**

## COUNT FIVE
## INTERFERENCE WITH COMMERCE BY ROBBERY
## 18 U.S.C. § 1951(a); 18 U.S.C. § 2

On or about January 20, 2019, in the Southern District of Ohio, defendants, **DEZHAN B. TOWNSEND, JUSTICE B. STRINGER and CHRIS A. KING**, did unlawfully obstruct, delay, and affect interstate commerce, and the movement of articles and commodities in such commerce, by robbery of a business that was engaged in commercial activity that affects interstate commerce, namely: Players Paradise, located at 3439 East Broad Street, Ohio 43215. The defendant unlawfully took and obtained property from the presence of a store employee and against the employee's will by means of actual and threatened force, violence, and fear of injury, that is: robbery of the employee and business at gun point.

**In violation of 18 U.S.C. §§ 1951(a) & 2.**

## COUNT SIX
## MURDER THROUGH THE USE OF A FIREARM
## DURING AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. § 924(j); 18 U.S.C. § 2

On or about January 20, 2019, in the Southern District of Ohio, defendants, **DEZHAN B. TOWNSEND, JUSTICE B. STRINGER and CHRIS A. KING**, did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to a crime of violence, for which they may be prosecuted in a court of the United States, that is, interference of commerce by Robbery as set forth in Count 5, and in so doing, the defendants, **DEZHAN B. TOWNSEND, JUSTICE B. STRINGER and CHRIS A. KING**, committed murder as defined in Title 18 United States Code, Section 1111, that is the unlawful killing of Joseph Arrington, with malice aforethought.

**In violation of Title 18 United States Code, Sections 924(c) and 924(j)(1) and 2.**

## COUNT SEVEN
## MURDER THROUGH THE USE OF A FIREARM
## DURING AND IN RELATION TO A CRIME OF VIOLENCE
## 18 U.S.C. § 924(j); 18 U.S.C. § 2

On or about January 20, 2019, in the Southern District of Ohio, defendants, **DEZHAN B. TOWNSEND, JUSTICE B. STRINGER and CHRIS A. KING**, did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to a crime of violence, for which they may be prosecuted in a court of the United States, that is, interference of commerce by Robbery as set forth in Count 5, and in so doing, the defendants, **DEZHAN B. TOWNSEND, JUSTICE B. STRINGER and CHRIS A. KING**, committed murder as defined in Title 18 United States Code, Section 1111, that is the unlawful killing of Karen Arrington,

with malice aforethought.

**In violation of Title 18 United States Code, Sections 924(c) and 924(j)(1) and 2.**

## COUNT EIGHT
## MURDER OF A WITNESS
## 18 U.S.C. § 1512(a)

On or about January 20, 2019, in the Southern District of Ohio, defendants, **CHRIS A. KING,** did unlawfully and with malice aforethought kill Karen Arrington with intent to prevent Karen Arrington from providing a law enforcement officer and judge of the United States with information relating to the commission of, or possible commission of interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), being a federal offense, and in so doing, the defendant, **CHRIS A. KING,** committed murder, as defined in Title 18 United States Code, Sections 1111 and 2, that is, the unlawful killing of Karen Arrington, with malice aforethought, such killing being willful, deliberate, malicious and premeditated.

**In violation of Title 18, United States Code, Sections 1512(a)(1)(C), (a)(3)(A).**

## NOTICE OF SPECIAL FINDINGS

**A. THE GRAND JURY FURTHER FINDS AS TO COUNT SIX, SEVEN and EIGHT: CHRIS A. KING:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **CHRIS A. KING,** commission of the offense charged in Counts Six, Seven and Eight, the allegations of which are hereby realleged as if set

forth herein and incorporated by reference.

1. The defendant, **CHRIS A. KING**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **CHRIS A. KING**:

    a. intentionally killed Joseph Arrington and Karen Arrington (18 U.S.C. §3591(a)(2)(A)); or intentionally inflicted serious bodily injury that resulted in the death of Joseph Arrington and Karen Arrington (18 U.S.C. §3591(a)(2)(B)); or

    b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Joseph Arrington and Karen Arrington died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Joseph Arrington and Karen Arrington died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

3. The defendant, **CHRIS A. KING**:

    a. committed the offense in the expectation of the receipt of anything of pecuniary value (18 U.S.C. §3592(c)(8)); or

    b. killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

6

**B.    THE GRAND JURY FURTHER FINDS AS TO COUNT SIX and SEVEN:**

**JUSTICE B. STRINGER:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **JUSTICE B. STRINGER,** commission of the offense charged in Counts Six, Seven and Eight, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

4. The defendant, **JUSTICE B. STRINGER**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

5. The defendant, **JUSTICE B. STRINGER**:

    a. intentionally killed Joseph Arrington and Karen Arrington (18 U.S.C. §3591(a)(2)(A)); or intentionally inflicted serious bodily injury that resulted in the death of Joseph Arrington and Karen Arrington (18 U.S.C. §3591(a)(2)(B)); or

    b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Joseph Arrington and Karen Arrington died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Joseph Arrington and Karen

Arrington died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

6. The defendant, **JUSTICE B. STRINGER**:

   a. committed the offense in the expectation of the receipt of anything of pecuniary value (18 U.S.C. §3592(c)(8)); or

   b. killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

C. **THE GRAND JURY FURTHER FINDS AS TO COUNT SIX and SEVEN: DEZHAN B. TOWNSEND:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **DEZHAN B. TOWNSEND,** commission of the offense charged in Counts Six, Seven and Eight, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

7. The defendant, **DEZHAN B. TOWNSEND**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

8. The defendant, **DEZHAN B. TOWNSEND**:

   a. intentionally killed Joseph Arrington and Karen Arrington (18 U.S.C. §3591(a)(2)(A)); or intentionally inflicted serious bodily injury that resulted in the death of Joseph Arrington and Karen Arrington (18 U.S.C. §3591(a)(2)(B)); or

   b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Joseph

8

Arrington and Karen Arrington died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Joseph Arrington and Karen Arrington died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

9. The defendant, **DEZHAN B. TOWNSEND**:

a. committed the offense in the expectation of the receipt of anything of pecuniary value (18 U.S.C. §3592(c)(8)); or

b. killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

**A TRUE BILL.**

s/Foreperson
**FOREPERSON**

**BENJAMIN C. GLASSMAN**
**UNITED STATES ATTORNEY**

**DAVID M. DEVILLERS (OH 0059456)**
**Assistant United States Attorney**

\